UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PENELOPE MURRAY and EDMOND MURRAY,

                Plaintiffs,

- against -

NATIONAL RAILROAD PASSENGER
CORPORATION and AMTRAK,

                Defendants.
-----------------------------------------------------------------X

FILED
CLERK

3:51 pm, Jun 18, 2018

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM
AND ORDER**

CV 16-cv-1844 (SJF) (ARL)

**FEUERSTEIN, District Judge:**

I.    **INTRODUCTION**

      Plaintiffs, Penelope Murray ("Penelope") and Edmond Murray ("Edmond") (collectively, the "Plaintiffs") bring the instant action against Defendants, National Railroad Passenger Corporation and Amtrak (collectively, the "Defendants") seeking damages for injuries sustained by Penelope due to Defendants' alleged negligence in the "ownership, inspection, construction, repair, operation, management, maintenance and control of the [Amtrak] passenger train," Complaint ("Compl.") ¶ 21 [DE 1] as well as for Edmond's loss of consortium. Presently before the Court is Judge Lindsay's Report and Recommendation concerning Defendants' motion for summary judgment [DE 20] as well as Plaintiffs' cross-motion seeking leave to amend the Complaint and interrogatory responses. *See* DE 31 (the "R&R"). Judge Lindsay recommends that (1) Defendants' summary judgment motion be granted solely "to the extent that plaintiffs seek to hold Amtrak negligent based on the manner in which the train was being operated, but that the balance of the defendant's motion for summary judgment be denied;" and (2) Plaintiffs'

cross-motion seeking leave to amend the Complaint be denied since "the plaintiffs have not offered a single explanation for their delay in seeking leave to amend the complaint and their responses to the interrogatories[.]"  R&R at 12-13.  For the reasons that follow, Judge Lindsay's Report and Recommendation is adopted in its entirety.

## II.   BACKGROUND

### A.  Procedural History

Plaintiffs filed this action on April 15, 2016.  *See* DE 1.  After Defendants filed their Answer, all discovery was referred to the assigned Magistrate Judge.  DE 10.  Following the completion of discovery, Defendants' filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  DE 20.  Thereafter, this Court referred Defendants' motion to the assigned Magistrate Judge for a Report and Recommendation.  *See* November 15, 2017 Electronic Order.  On May 29, 2018, Judge Lindsay issued a Report and Recommendation. DE 31.  On that same date, both parties were served with notice of Judge Lindsay's Report and Recommendation by email via the Court's ECF docketing system.  Notwithstanding such service, neither party has filed objections and the time to do so has since passed.  *See* 28 U.S.C. § 636(b)(1)(C) (prescribing that "[w]ithin fourteen days after being served with a copy, any party may file written objections to such proposed findings and recommendations. . . .").

### B.  Judge Lindsay's Report and Recommendation[1]

Following a review of the underlying facts and evidence, Judge Lindsay found that genuine issues of fact existed with respect to:  (1) "what caused Mrs. Murray's fall;" and (2) "whether [Defendants] should have known that the ladder was defective."  R&R at 9-10.  Judge Lindsay also opined that although Defendants sought to challenge the opinions of Plaintiffs'

---

[1]     The parties' familiarity with the underlying facts, as set forth in Judge Lindsay's Report and Recommendation, is presumed and such facts will not be repeated here.  *See* R&R at 2-4.

expert, such arguments "go to weight, and not the admissibility, of [the expert's] opinion" and that based upon the expert's education and qualifications, as set forth in the record, "the court has not, for the purposes of this report, excluded his testimony on the grounds that he lacks expertise in the field of railroad design." *Id.* at 10-11. However, Judge Lindsay also found that Plaintiffs had not established a *prima facie* case of negligence with regard to their theory that Penelope's injuries were caused by the manner in which the train was operated since "'[t]o establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger [resulting from a train's movement], the plaintiff must establish that the [movement] caused a jerk or lurch that was unusual and violent.'" *Id.* at 12 (quoting *Delgiudice v. Metro. Transp. Auth.*, 36 A.D.3d 649, 829 N.Y.S.2d 149 (2007)) (alterations in original). Specifically, Judge Lindsay reviewed Penelope's deposition testimony and noted that Penelope's statements failed to raise a genuine fact issue as to whether there was unusual train movement and, on that basis, concluded that "to the extent the plaintiffs seek to hold Amtrak negligent based on the manner in which the train was being operated, the court recommends that that allegation be dismissed, but that the balance of the defendant's motion for summary judgment be denied." R&R at 12.

Turning to Plaintiffs' request to amend their Complaint and interrogatory responses, Judge Lindsay correctly recognized that Plaintiffs would first have to satisfy Fed. R. Civ. P. 16(b)'s good cause standard since their request to amend had been interposed after the deadline set forth in Judge Lindsay's Scheduling Order. *See id.* at 12-13. However, Judge Lindsay found Plaintiffs had failed to meet this standard since they "had not offered a single explanation for their delay" and therefore, recommended that "plaintiffs' motion to amend the complaint and their responses to the interrogatories be denied." *Id.*

**III.** **STANDARD OF REVIEW**

28 U.S.C. § 636(b)(1) provides, in pertinent part, that

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b); *Warren v. City of New York*, No. 15-CV-4063, 2017 WL 1231370, at *1 (E.D.N.Y. Apr. 3, 2017); *Thompson v. Yelich*, No. 09-CV-5039, 2012 WL 5904359, at *1 (E.D.N.Y. Nov. 26, 2012) ("To the extent that a party makes specific and timely written objections to a magistrate judge's findings and recommendations, the district court must review *de novo* "those portions of the report . . . to which objection is made."). Likewise, "when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Thompson*, 2012 WL 5904359, at *1 (quoting *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (citation and internal quotation marks omitted)); *Small v. Chappius*, No. 12 CV 5583, 2017 WL 4342132, at *3 (S.D.N.Y. Sept. 28, 2017). Similarly, "where no objections to the Report and Recommendation have been filed, the district court need only satisfy itself that there is no clear error on the face of the record." *Warren*, 2017 WL 1231370, at *1; *see Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Trustees of the Local 7 Tile Indus. Welfare Fund v. EAQ Constr. Corp.*, No. 14 CV 4097, 2016 WL 4536866 (E.D.N.Y. Aug. 30, 2016) ("The Court is not required to review, under a *de novo* or any other standard, the factual or legal

conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed."); *Rococo Assocs., Inc. v. Award Packaging Corp.*, No. 06-CV-0975, 2007 WL 2026819, at *1 (E.D.N.Y. July 9, 2007). Moreover, "[w]here parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002); *Blair v. L.I. Child & Family Dev. Servs., Inc.*, No. 16CV1591, 2017 WL 728231, at *1 (E.D.N.Y. Feb. 21, 2017).

## IV.    DISCUSSION

Neither party has filed objections to Judge Lindsay's Report and Recommendation within the time prescribed in 28 U.S.C. § 636(b)(1)(C) nor has either party sought an extension of the filing deadline. Therefore, having received adequate notice of the Report and Recommendation, the parties' failure to interpose timely objections to the same operates as a waiver of further judicial review. *See Mario*, 313 F.3d at 766. As result, this Court is under no obligation to conduct a *de novo* review of Judge Lindsay's findings and conclusions but rather "need only satisfy itself that there is no clear error on the face of the record to accept a magistrate judge's report and recommendation." *Safety-Kleen Sys., Inc. v. Silogram Lubricants Corp.*, No. 12-CV-4849, 2013 WL 6795963, at *1 (E.D.N.Y. Dec. 23, 2013); *Habecker v. KFC U.S. Properties, Inc.*, 928 F. Supp. 2d 648, 650 (E.D.N.Y. 2013). Having reviewed Judge Lindsay's well-reasoned Report and Recommendation, the Court finds no clear error in either the reasoning or the conclusions reached therein and, on that basis, the Report and Recommendation is hereby adopted in its entirety.

**V.**    <u>CONCLUSION</u>

      Judge Lindsay's R&R is adopted in its entirety.  Therefore:  (1) Defendants' summary judgment motion is GRANTED solely as to Plaintiffs' claim that Defendants were negligent with regard to the manner in which the train was being operated but is DENIED in all other respects; and (2) Plaintiffs' cross-motion seeking leave to amend the Complaint and interrogatory responses is DENIED.

                                                     **SO ORDERED.**

Dated: Central Islip, New York
       June 18, 2018

                                                   <u>/s/ Sandra J. Feuerstein</u>
                                                   SANDRA J. FEUERSTEIN
                                                   U.S. District Judge